

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 21, 1947

Honorable William N. Hensley
Criminal District Attorney
San Antonio, Texas          Opinion No. V-41

Re: Proper officer for
collecting the de-
linquent taxes which
have accrued before a
Water Control and Im-
provement District,
pursuant to the pro-
visions of Article
1066b, authorizes the
Tax Collector of the
municipality within
which it is wholly
located to act in its
behalf as Tax Collector.

Dear Mr. Hensley:

        You have asked for an opinion from this Depart-
ment regarding the proper officer for collecting the de-
linquent taxes due a Bexar County Water Control and Im-
provement District. Prior to the authorization of the
Tax Collector of the City of San Antonio, The County Tax
Collector had acted in behalf of the Water Control and Im-
provement District. The problem may be phrased in ques-
tion form, as follows: "When the Tax Collector for the
City of San Antonio is authorized by the Bexar County Wa-
ter Control and Improvement District to act in its behalf,
pursuant to the provisions of Article 1066b, does the City
Tax Collector act only concerning such taxes as accrue from
and after the date of such authorization or has he the ad-
ditional duty of collecting the delinquent taxes which
were due before said authorization was given?"

        Prior to the enactment of Article 1066b, stat-
utory directions for levying, assessing, and collecting
taxes for a Water Control and Improvement District were
to be found in various Articles of Chapter 3A of Title
128, R.C.S. In addition to those provisions, by virtue of
Article 1066b certain alternative methods are provided where
the Water Control and Improvement District is located en-
tirely within the boundaries of another municipality or

district. Article 1066b became effective June 18, 1945, and, as yet, has not been construed by the courts of the State. Our construction of the statute must therefore be determined from its own terms viewed in the light of legislative intent to be ascertained not only from the language of the statute itself but also from the relation of the statute to other articles and with regard for similar statutes and decisions thereunder.

The first paragraph of Section 1 of Article 1066b empowers various districts and municipalities to authorize by ordinance or resolution the Tax Assessor, Board of Equalization and Tax Collector of the municipality in which it is located to act in its behalf. This general power is not in question here as the Tax Collector for the City of San Antonio recognizes its existence and questions only the extent of the duty imposed as a result.

Paragraph 2 of Section 1 deals with assessment and has no bearing on the present question.

The relevant parts of paragraphs 3 and 4 of Section 1 are as follows:

"When the ordinance or resolution is passed making available their services, . . . said Collector shall collect the taxes and assessments for, and turn over as soon as collected to the depository of said municipality or district or to such other authority as is authorized to receive such taxes or money, so collected, and shall perform the duties of Tax Collector of said municipality or district so availing itself of his services.

"In all matters pertaining to such . . . collections . . . the . . . Tax Collector shall be . . . authorized to act as, and shall perform . . . the duties of . . . Tax Collector of, and according to the ordinances and resolutions of the municipality or district so availing itself of . . . /his/ services, and according to law."

First of all, therefore, there must have been an authorization by ordinance or resolution by the Water Control and Improvement District. It will be assumed that

such authorization was given, and that the Tax Collector for the City of San Antonio was fully empowered therein "to act as . . . and perform . . . the duties of . . . Tax Collector of . . . the . . . district."

What, then, are the duties of a tax collector for a Water Control and Improvement District? Specifi- cally they are provided for in Articles 7880-33; 7880-40; 7880-54; 7880-55; 7880-56; 7880-58; 7880-59; 7880-67; 7880-68; 7880-72; 7880-111; 7880-135; 7880-147-z Section 9.

It is noteworthy that the district may be al- lowed alternatives as to who shall act as its tax col- lector. It may have its own Tax Assessor and Collector (Article 7880-54); or "Instead of proceeding for the as- sessment, equalization and collection of taxes in the manner elsewhere in this Act provided for, the directors of the district may provide therefor by contracts for such service, with the Commissioners' Court of each coun- ty in which property taxable by the district is situated;" (Article 7880-33). If the situation is one in which the district is aided by a town, city, or municipal corpora- tion, the duties of levy, assessment, and collection are performed by the officers of the municipal corporation. (Article 7880-135). Likewise there is a special set of provisions where the district is wholly within one coun- ty. (Article 7880-147z). Regardless of the particular course selected or required, however, in each instance the officer chosen or in certain instances his deputies, performs all the duties of tax collector for the district.

If the County Tax Collector should continue to collect the delinquent taxes due the district while the City Tax Collector acts as to present and future taxes, the district would, in effect, have two tax collectors at the same time; whereas, as pointed out above, past legis- lative enactments have provided alternative methods for filling one office of tax collector. Clearly from its language Article 1066b is an alternative and being such it may be deemed that the legislature intended a similarly complete assumption. There is further support for this view in the provision previously quoted that "In all matters pertaining to such . . . collections . . . the tax collector shall be authorized to act . . ." (emphasis added)

It is true that the various provisions relating to who shall act as tax collector for a Water Control and Improvement District and those further ones which prescribe

the duties of the one so acting (previously cited) are specific and delimit the particular office they define; but there is nothing to indicate that the duties of a tax collector acting for and in behalf of a Water Control and Improvement District are irrevocably attached to any one office. A well known example of statutory provision for transference of duties of tax collector from one office to another is found in Articles 7245 and 7246, R.C.S., which provide that in counties having less than ten thousand inhabitants the sheriff of such county shall be the Assessor and Collector of taxes but that each county having the requisite population shall elect its own Assessor and Collector of taxes. Where a sheriff has been acting as Assessor and Collector, pursuant to the above provisions, and thereafter an Assessor and Collector of taxes is duly elected, surely no one would contend that the sheriff should continue to collect the delinquent taxes of his regime after the installation of the tax collector. A new city or county tax collector assumes the duty of collecting city or county taxes that were delinquent before he took office. Various decisions in cases involving collection of taxes by city or county collectors for Independent School Districts have recognized that the Legislature has the power to devolve additional duties upon a public officer without thereby creating an additional office. In these cases the tax collector is said to act in his capacity as county or city tax collector as an officer of the county or city (not as an officer of the district), and that therefore there is no infringement of Article 16 § 40 of the Constitution of the State of Texas. Taylor v. Brewster County 144 S.W. (2) 314; First Baptist Church v. City of Fort Worth, Texas, Comm. App. 26 S.W. (2) 196; Pruitt v. Glen Rose Independent School District No. 1, 126 Tex. 45, 84 S.W. (2) 1004; Adamson v. State, 171 S.W. (2) 121. After proper authorization and once the duty of acting as Tax Collector for the Water Control and Improvement District has become attached to the office of Tax Collector for the City of San Antonio, it is difficult for the writer to see how, in view of the foregoing analogies, a division of duties contra to the normal course could have been intended.

The legislative purpose in enacting Article 1066b is clearly set out in Section 6, the emergency clause, which reads as follows:

"The fact that there are many overlapping municipalities and districts in the State of Texas, each with its separate assessing and collecting agencies, causes hardship and confusion to the taxpayers and adds to the expense of assessing and collecting taxes and the fact that

there is now no adequate remedy provided by law for relieving said conditions, creates an emergency . . . etc." General and Special Laws, 49th Legislature, p. 611.

This purpose would seem to be defeated to some extent if an entirely omitted proviso be read into the act to the effect that before one collector can act for the Water Control and Improvement District two collectors must act at the same time. True in this case there would be no reduction of existing officers as both the County and the City Tax Collectors will continue to function despite the transference of the duty; but it would be illogical to allow the division in the present case and deny it in the case in which a district has had its own assessor and collector. Then the difficulties in the way of sustaining the division of duties seem insurmountable to the writer; for not only would the district have followed two courses for choosing a tax collector when as previously pointed out the legislative provisions are clearly alternatives, but also the district would be left with an officer who clearly is not the Tax Assessor and Collector as defined by Article 7880-54, whose creation must then spring from inference rather than statutory enactments, and whose exact duties and responsibilities could only be ascertained by conjecture.

## SUMMARY

The Tax Collector of the City of San Antonio, by virtue of the authorization by the Bexar County Water Control and Improvement District pursuant to the provisions of Article 1066b, V.A.C.S., is the proper officer to collect and is charged with the duty of collecting the taxes due said district, including the taxes which were delinquent before such authorization.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED: Feb. 21, 1947

ATTORNEY GENERAL

By Marietta Payne

Mrs. Marietta Payne
Assistant

MP/mj/lh:jrb